JENNIFER HOLLIDAY, ESQ. (SBN 261343)
1901 Avenue of the Stars, 2nd Floor
Los Angeles, California 90067
       jhollidayesq@protonmail.com
dir. (805) 622-0225

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENEVIEVE MORTON, an individual,<br><br>    Plaintiff<br><br> v.<br><br>TWITTER, INC., a Delaware Corporation, DOES 1 through 10<br><br>   Defendants. | 5:22-CV-01482<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, GENEVIEVE MORTON ("Morton") by and through her undersigned attorney, hereby prays to this honorable Court for relief based on the following:

**INTRODUCTION**

  Ms. Morton is a successful professional model, and the owner of copyrighted works that have been continuously infringed on Twitter.com. Ms. Morton is involved in a related case against Defendant Twitter, Inc. (2:20-cv-10434), but brings this Complaint on the basis that Defendant Twitter, Inc. is engaging in direct copyright infringement and has not halted the wrongful use of its artificially-intelligent saliency algorithm after scientifically determining over a year ago that it

crops photographs, including Ms. Morton's copyrighted photographs, in a manner that results in sexist displays of human beings for the purpose of inducing user engagement to the direct profit of Defendant Twitter, Inc. in reckless disregard of its amplification of bias, discrimination and endangerment of women worldwide.

A true and correct copy of the Tweet at issue containing the Subject Photograph (as defined later herein) appears below:



## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.* and the Digital Millennium Copyright Act of 1998 ("DMCA"), Title 17 U.S.C. § 501 *et seq.*

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b) in that this case requesting relief for copyright infringement arises under federal law, and the Court has original jurisdiction over any claim for relief that arises under any Act of Congress relating to copyrights.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. The Tweets were accessible in this judicial district, and Twitter, Inc. maintains an office in this judicial district.  Twitter's Terms of Service which specifically state that the agreement is governed by the laws of the State of California and that the users consent to personal jurisdiction in California.

## **PARTIES**

4. Genevieve Morton is an individual citizen of South Africa and a Permanent Resident of the United States residing in this judicial district.  Ms. Morton is a professional model and the owner of copyrighted works registered with the United States Copyright Office.  Ms. Morton earned a worldwide fan base as a professional model having appeared in publications such as the *Sports Illustrated Swimsuit Issue* for six consecutive years.

5. Defendant Twitter, Inc. is a Corporation, ID Number 3006676 organized under the laws of the State of California with its principal office located at 1355 Market Street, Suite 900, San Francisco, Californian 94103.  Twitter, Inc. is traded on the New York Stock Exchange under the ticker TWTR. Twitter, Inc. operates its own CDN that hosts over 800,000 websites including Twitter.com, a website accessible to the public and offering services to registered users pursuant to Terms of Service.  Registered users can post Tweets that include text and visual images, and these Tweets can be "liked" and "retweeted" by other registered users.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate,

individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.   Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH**

8.  Morton owns a certain photograph ("Subject Photograph") that she first published in a limited-edition calendar ("Calendar") she created.  A true and correct copy of the Subject Photograph is set forth in **Exhibit A**.

9.  Plaintiff registered the Subject Photograph with the U.S. Copyright Office within five years of creation. A true and correct copy of Ms. Morton's Certificate of Registration number VA-2-211-724 is attached as **Exhibit B**.

10. An unauthorized copy of the Subject Photograph appeared on or about December 21, 2021 at the URL https://twitter.com/HollywoodConfid/status/1473383521523621892  in a Tweet on Twitter.com under the account @HollywoodConfid which displayed the Subject Photograph in the lower right quadrant of a "windowpane" format alongside three other photographs featuring Ms.

MORTON V. TWITTER

4
COMPLAINT

Morton's likeness alongside the unauthorized use of her name "Genevieve Morton"  (the "Subject Post").  The Subject Post was "liked" 324 times and "retweeted" on Twitter 32 times.  The photographs displayed were cropped to feature Ms. Morton's breasts to induce user engagement.



11. On information and belief, Plaintiff alleges that the operator of the @HollywoodConfid account copied the Subject Photograph without authorization and reproduced and displayed said work on its Twitter account to over 65,000 followers and the worldwide public at large.  The @HollywoodConfid account user at no time had Plaintiff's consent to exploit her original work in this, or any other manner. In the account biography, the @HollywoodConfid account holder openly and notoriously admits, **"I do not own these images."** A true and correct copy of a screenshot of the Subject Post appears above and is also attached as **Exhibit C**.

12. Plaintiff reported the infringement to Twitter, Inc. through its automated copyright infringement notice portal on or about February 22, 2022 in an DMCA compliant Notice and Takedown demand.

13. On or about February 22, 2022, Defendant Twitter, Inc. acknowledged receipt of Plaintiff's DMCA Notice and Takedown demand through an automated reply assigning the matter a report number: 0253850550. A true and correct copy of the acknowledgment e-mail is attached as **Exhibit D**.

MORTON V. TWITTER

5

COMPLAINT

14. On or about February 23, 2022, Defendant Twitter, Inc. sent Plaintiff an update ("E-mail Update") claiming that Twitter had removed access to the content Plaintiff reported, but that it may take "some time for the content to stop showing in all locations."  A true and correct copy of the E-mail Update is attached as **Exhibit E** .

15. Public records indicate that Twitter, Inc. received a previous report of infringement committed by the @HollywoodConfid account in 2020, and therefore Twitter, Inc. had an opportunity to review the account and had actual notice that the account was infringing copyrighted photographs due to the user's admission in the account bio: **"I do not own these images."**

16. Defendant Twitter, Inc. offered service to @HollywoodConfid through its Terms of Service.

17. Plaintiff is informed and believes and thereon alleges that Twitter, Inc. notified the @HollywoodConfid user that Ms. Morton reported copyright infringement on or about February 23, 2022, and that Twitter, Inc. and/or its agents did not receive a DMCA counternotice pursuant to 17 U.S.C. § 512 that @HollywoodConfid or any other person or entity had any claim to the copyrighted work.  The last Tweet on the @HollywoodConfid user timeline on Twitter.com was posted on February 23, 2022.

18. Twitter, Inc. publicly listed the DMCA Notice and Takedown demand information on the Lumen database, putting the public on notice of Ms. Morton's claim to the copyrighted work.

19. The @HollywoodConfid Twitter account has an "engagement" rate of .062% and has an estimated earnings rate of $495-$825 per post according to Influencer Marketing Hub.  The Influencer Marketing Hub website defines "engagement" as including any "Likes, Retweets, Replies, @mentions, Follows, Profile clicks, Permalink clicks, Tweet expansion clicks, and Link clicks."  The company further explains "Brands are only interested in

sponsoring tweeters who build up a dominance with a particular interest group that closely matches the buyers of the brand's good or service."

20. The Subject Post included four photographs, including the Subject Photograph, featuring Ms. Morton's likeness, cropped to displayed only Ms. Morton's breasts. Ms. Morton did not authorize Twitter, Inc. or @HollywoodConfid to display her likeness, and not in this manner.

21. An altered version of the Subject Photograph was displayed in a cropped format, consisting only of Ms. Morton's breast, that interfered with the ability to visually identify not only Ms. Morton, but the Subject Photograph in general.  When the cropped version is expanded, it becomes apparent that the photograph that appears in the Subject Post is identical to the Subject Photograph.

22. Defendant Twitter, Inc. used its artificially-intelligent saliency algorithmic crop tool ("Saliency Algorithm") to crop the photographs, including the Subject Photograph, without Ms. Morton's permission and displayed its cropped version of the Subject Photograph on Twitter to increase user engagement by inducing viewers to expand the photographs.





The three additional photos, expanded:



23. Twitter, Inc.'s Saliency Algorithm crops in on photographs to display women's breasts <u>without their heads or the rest of their bodies.</u>  A security researcher at OpenAI publicly reported that the Saliency Algorithm reflects the biases of the humans who contributed data to train the artificially-intelligent model.[1]

24. Twitter, Inc. was aware that its crop tool based on its saliency algorithm was resulting in racist, sexist, and/or otherwise biased outcomes as early as at least September 2020. A true and correct copy of an online article detailing

---

[1] See Knight, Will. Wired.com: "Twitter's photo-cropping algorithm favors young thin females." Aug. 9, 2021. https://www.wired.com/story/twitters-photo-cropping-algorithm-favors-young-thin-females/

Twitter's awareness of its sexist and racist algorithm is available at:

https://techcrunch.com/2020/10/02/twitter-may-let-users-choose-how-to-crop-image-previews-after-bias-scrutiny/

25. Twitter, Inc. pledged to discontinue using the Saliency Algorithm in May 2021 but has not ceased use of the Saliency Algorithm within the United States as of the date of the filing of this Complaint.

26. In 2018, Amnesty International published a report detailing Twitter's human rights abuses against women.  The report, entitled "Toxic Twitter: a Toxic place for Women" is available at:

https://www.amnesty.org/en/latest/news/2018/03/online-violence-against-women-chapter-5/

27. In 2020, Amnesty International published a follow up report entitled "Twitter still failing women over online violence and abuse" available at:

https://www.amnesty.org/en/latest/press-release/2020/09/twitter-failing-women-over-online-violence-and-abuse/

28. According to recent studies, misogynistic Tweets in a geographic area positively correlate with incidents of actual domestic violence towards women.  A true and correct copy of an article detailing one study appears at:

https://www.psychologytoday.com/us/blog/beauty-sick/202103/woman-hating-tweets-linked-real-life-violence

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, copied, posted, hosted, displayed and distributed the copyrighted Subject Photograph without Plaintiff's permission in violation of Plaintiff's exclusive rights under federal law.

30. Plaintiff is informed and believes and therefore alleges that Defendant Twitter, Inc. offers a "Best Practices" guide for using photographs that expressly fails to advise users to not use copyrighted photographs. A true and correct copy of the guide, incorporated by reference, appears at:

https://business.twitter.com/en/blog/our-accessibility-team-shares-best-practices.html

31. Plaintiff is informed and believes and thereon alleges that Defendant Twitter, Inc. actively encourages users to upload photographic content but fails to inform users that copyrighted photographs are prohibited by law. A true and correct copy of a guide, incorporated by reference, published by Twitter, Inc. on Twitter.com appears at: https://business.twitter.com/en/blog/do-dont-twitter-images.html

32. Plaintiff is informed and believes that as of the date of the alleged infringement, there was no service provider listed as "Twitter, Inc." with the United States Copyright Office agency directory.

33. Plaintiff is informed and believes that while the Subject Post was visible, Twitter, Inc. wrongfully collected user data including e-mail addresses and telephone numbers under the false pretenses of account security, and that Ms. Morton's name, copyrighted work, likeness, and username were used without her authorization in furtherance of this unlawful purpose.

34. Plaintiff is informed and believes that the Subject Post was displayed and otherwise visible to users worldwide, even to users who did not operate an account and who had not agreed to Twitter's Terms of Service.

35. Plaintiff is informed and believes that the Twitter used Ms. Morton's name and likeness to induce people to create a new user account by displaying some photos and Tweets featuring Ms. Morton's name and likeness as bait, but then blocking access to Twitter and the images of Ms. Morton until a user created a new account and provided Twitter, directly or indirectly, with valuable private data. In the aggregate, the new user accounts were used to calculate Twitter's value under a metric it calls its mDAU: monetizable Daily Active Users.

36. At the time of the infringement, Twitter, Inc. was not in compliance with 37 C.F.R. 201.38, and Twitter.com did not appear as a Service Provider in a search of United States Copyright Office Designated Agent Directory.

37. Plaintiff is informed and believes and thereon alleges that Twitter, Inc. and/or its agents received at least one DMCA Notice in 2020 )("2020 DMCA Notice") demanding takedown of copyrighted works from another claimant prior to the infringement alleged in this Complaint.

38. Plaintiff is informed and believes and thereon alleges DOE DEFENDANT NUMBER 1 ("DOE 1") reviewed the 2020 DMCA Notice that predated the infringement herein alleged, and DOE 1 reviewed the @HollywoodConfid account. DOE 1 had actual notice that @HollywoodConfid was engaging in widespread copyright infringement in violation of Twitter's Terms of Service.

39. Twitter, Inc. had the contractual duty under the Terms of Service to terminate the @HollywoodConfid account once DOE 1 reviewed the 2020 DMCA Notice.

40. DOE NUMBER TWO (DOE 2) is the Twitter, Inc. executive who hired, supervised, or retained DOE 1.  DOE 2 knew that DOE 1 was unfit or incompetent to perform the work of content moderation in accordance with Twitter, Inc.'s Terms of Service and that this created a particular risk to others, including Plaintiff.

41. DOE NUMBER 3 (DOE 3) is the Twitter, Inc. executive who willfully and actively refused to discontinue the use of the Saliency Algorithm on user-supplied photographs even after Twitter, Inc. had actual knowledge that it resulted in racist and sexist outcomes, and DOE 3 profited from the use of the algorithm on the Subject Photograph and non-copyrighted works featuring Plaintiff's name and likeness.

42.

# **FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

43. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

44. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Photograph and further alleges that the visually identical nature of the display on Twitter establishes access.

45. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed unauthorized copies of the Subject Photograph.

46. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by copying, publishing and displaying the infringing material to the public, including without limitation, through Twitter account @HollywoodConfid, created on November 20, 2013, Twitter account ID 2205256309, logged in from IP Address 72.45.57.42. The last four digits of the telephone number associated with the account are 7951.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's rights by copying, displaying and distributing the Subject Photograph without Plaintiff's authorization or consent.

48. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

49. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to

disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

50. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

51. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

52. Plaintiff is informed and believes and thereon alleges that Defendant Twitter, Inc. knowingly copied, displayed and distributed Plaintiff's copyrighted work onto its servers, computer systems, and/or content delivery network ("CDN") without Plaintiff's permission.  Twitter's CDN is comprised of over 3,000 data centers worldwide.  Plaintiff alleges that Defendant Twitter, Inc. has made at least 3,000 copies of the Subject Photograph.

53. Plaintiff alleges that Twitter copied and displayed the Subject Photograph at least 324 times in violation of Plaintiff's exclusive right to display the work.

54. Plaintiff is informed and believes that thereon alleges that Defendant "Twitter, Inc." was not in substantial compliance with 37 C.F.R. § 201.38 at the time Defendants made the alleged unauthorized copies.

55. Plaintiff is informed and believes and thereon alleges that Defendant Twitter, Inc. used its Saliency Algorithm to crop Ms. Morton's copyrighted work without authorization and distributed and displayed the cropped version of Ms. Morton's copyrighted work without her authorization and did so in a manner to increase user engagement.

### THIRD CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement –
Against all Defendants, and Each)

56. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

57. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that the @HollywoodConfid user knew were not authorized to be copied, displayed, distributed or altered by the @HollywoodConfid user.

58. Based on the number of "retweets" the Tweet received, Plaintiff alleges Twitter contributed to the illegal reproduction and distribution of the Subject Photograph in 32 separate instances of infringement that would not have occurred but-for Twitter's failure to enforce its Terms of Service.

59. Plaintiff is informed and believes @HollywoodConfid was operating in express violation of Twitter's Terms of Service by posting thousands of unauthorized photographs on Twitter.com prior to posting the Subject Photograph and, in an open and notorious manner, admits on its user profile that it does not own the images it posts.

60. Plaintiff is informed and believes and thereon alleges that, at all relevant times, Twitter had the right and ability to control the infringing activity. because @HollywoodConfid was operating its account in violation of the Terms of Service as alleged herein.

61. Plaintiff is informed and believes and thereon alleges that Twitter, Inc. profited from the infringement of @HollywoodConfid by selling advertising on Twitter.com and by collecting valuable user data.

62. Plaintiff is informed and believes and thereon alleges that Twitter, Inc. actively and willfully refused to terminate accounts it knew or should have known were infringing, like @HollywoodConfid because it was misrepresenting its mDAU in its filings with the Securities and Exchange Commission.

63. Plaintiff is informed and believes and thereon alleges that Twitter, Inc. or one of its agents, reviewed the infringement report submitted by Plaintiff but did not delete the Tweet.

64. Plaintiff is informed and believes and thereon alleges that Twitter, Inc., or one of its agents, reviewed the infringement report submitted by Plaintiff and did not suspend the @HollywoodConfid account.

65. Plaintiff is informed and believes and thereon alleges that Twitter, Inc. did not suspend the account because it falsely inflates its number of genuine daily active users ("mDAU") to mislead advertisers and investors.

66. Although Twitter had the right and ability to control the infringing activity by immediately suspending the user for violating the Terms of Service and posting thousands of pirated photographs, Twitter did not exercise that right and does not otherwise maintain and reasonably implement a policy that provides for the suspension of repeat infringers of copyrighted works.

67. By failing to suspend the user, Twitter, Inc. left remaining copies of the Subject Photograph accessible to users in various locations and profited from

the additional unauthorized copies made, displayed, and distributed after it reviewed the content.

68. Twitter, Inc.'s continued use of its artificially-intelligent Saliency Algorithm after scientifically determining that it crops photographs in a manner that results in sexist, indecent, degrading displays of human beings for the purpose of inducing user engagement to the direct profit of Twitter, Inc. constitutes a willful act for purposes of copyright infringement and a violation of basic human rights, resulting in amplification of discrimination, prejudice and bias worldwide.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

Against all Defendants, and Each, AND with Respect to Each Claim for Relief:

1. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any server, website, data locker, or other publication owned, operated, or controlled by any Defendant.

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law in an amount no less than $9,720,000.

3. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

4. That Plaintiff be awarded her attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

5. That Plaintiff be awarded her costs and fees under the above statutes;

6. That Plaintiff be awarded statutory and enhanced damages under the statutes set forth above;

7. That Plaintiff be awarded pre-judgment interest as allowed by law;

8. That Plaintiff be awarded the costs of this action; and

9. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

JENNIFER HOLLIDAY, ESQ.

Dated: AUGUST 22, 2022          By: */s/JENNIFER HOLLIDAY*

1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
JHOLLIDAYESQ@PROTONMAIL.COM
*Attorney for Plaintiff*

# EXHIBIT A

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marie Strong*

Acting United States Register of Copyrights and Director



**Registration Number**

## VA 2-211-724

**Effective Date of Registration:**
July 28, 2020
**Registration Decision Date:**
July 29, 2020

---

## Copyright Registration for a Group of Published Photographs

Registration issued pursuant to 37 C.F.R. § 202.4(i)

**For Photographs Published:**   October 01, 2016 to October 31, 2016

### Title _____

**Title of Group:**   Borneo 2016
**Number of Photographs in Group:**   14

### Completion/Publication _____

**Year of Completion:**   2016
**Earliest Publication Date in Group:**   October 01, 2016
**Latest Publication Date in Group:**   October 31, 2016
**Nation of First Publication:**   United States

### Author _____

- **Author:**   Genevieve Morton
  **Author Created:**   photographs
  **Citizen of:**   South Africa
  **Domiciled in:**   United States
  **Year Born:**   1986

### Copyright Claimant _____

**Copyright Claimant:**   Genevieve Morton
7190 Sunset Blvd. # 1124, Los Angeles, CA

### Rights and Permissions _____

**Name:**   Genevieve Morton
**Email:**   speaktogenevieve@genevievemorton.com

### Certification _____

**Name:** Genevieve Morton
**Date:** June 21, 2020

**Correspondence:** Yes
**Copyright Office notes:** Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

# EXHIBIT C



# EXHIBIT D

From: **Twitter Support** support@tw tter.com 
Subject: We got your report 0253850550 [ref:00DA0000000K0A8.5004w00002LDW4X:ref]
Date: February 22, 2022 at 10:44 PM
To: patro copyr ght@gma .com

Hello,

This is an auto-confirmation that we have received your copyright report. Twitter will reply as soon as possible.

Copyright complaints concern the unauthorized distribution or republishing of material protected by copyright law. Here are some examples of possible copyright issues on Twitter:

1. Twitter account publishing links to free downloads of copyright protected materials
2. Twitter account using a copyright protected logo or image

If your report does not involve a copyright protected image that is being used as a Twitter account background or profile image, or Tweets containing links to unauthorized publication of copyright protected materials, most likely, it is not a Twitter copyright issue.

Many people confuse copyright with trademark. For information on reporting other possible Terms of Service violations, including possible trademark issues, please see this page: https://help.twitter.com/rules-and-policies/twitter-report-violation.

If you have concerns regarding an urgent issue relating to abuse or safety on Twitter please refer to the Twitter rules here: https://help.twitter.com/rules-and-policies/twitter-rules.

Thanks,

Twitter

Please note, we cannot accept email attachments at this time; please include all information in the body of your request.

------------------------------------------------
Your ticket number: #0253850550

Copyright owner:
> GENEVIEVE MORTON
Name:
> JENNIFER HOLLIDAY
Company:
> JENNIFER HOLLIDAY, ESQ.
Job title:
> ATTORNEY AT LAW
Email:
> PATROLCOPYRIGHT@GMAIL.COM

Address:
> 7190 W. SUNSET BLVD. #1430
City:
> LOS ANGELES
State/Province:
> CA
Postal code:
> 90046
Phone (optional):
>
Fax (optional):
>

Where is this infringement happening?

> Twitter

Description of original request:

> Black and white image of Genevieve Morton in a doorway, nude.

Links to original work:

> [Empty]

Please provide URL(s) to the infringing material (e.g., Tweet URL, Periscope broadcast URL, Fleet ID, etc.):

> https://twitter.com/HollywoodConfid/status/1473383521523621892

Reported content:

> Image/Photograph

Description of infringement:

> The image has been cropped and appears in a set of four images of Ms. Morton, cropped and displayed in cropped versions that can be expanded. Ms. Morton is the registered copyright holder of the photo in the bottom right quadrant that has been cropped to display only her breast. The use is not authorized.

512(f) Acknowledgement:

> I understand that under 17 U.S.C. § 512(f), I may be liable for any damages, including costs and attorneys' fees, if I knowingly materially misrepresent that reported material or activity is infringing.

Good Faith Belief:

> I have good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

Authority to Act:

> The information in this notification is accurate, and I state under penalty of perjury that I am authorized to act on behalf of the copyright owner.

Signature:

> JENNIFER HOLLIDAY

Country

> US

ref:00DA0000000K0A8.5004w00002LDW4X:ref

**Help**  |  **Privacy**

Twitter, Inc. 1355 Market Street, Suite 900 San Francisco, CA 94103

# EXHIBIT E

**From:** **Twitter Support** support@twitter.com
**Subject:** We have an update for you 0253850550 [ ref:_00DA0K0A8._5004w2LDW4X:ref ]
**Date:** February 23, 2022 at 2:42 AM
**To:** patrolcopyright@gmail.com



Hello,

We're writing to let you know that we removed access to the content you reported to us for claimed infringement. Please note, it may take some time for the content to stop showing in all locations.

We appreciate you letting us know about this.

Thanks,

Twitter

-------

Copyright owner:
> GENEVIEVE MORTON
Name:
> JENNIFER HOLLIDAY
Company:
> JENNIFER HOLLIDAY, ESQ.
Job title:

> ATTORNEY AT LAW

Email:

> PATROLCOPYRIGHT@GMAIL.COM


Address:

> 7190 W. SUNSET BLVD. #1430

City:

> LOS ANGELES

State/Province:

> CA

Postal code:

> 90046

Phone (optional):

>

Fax (optional):

>


Where is this infringement happening?

> Twitter

Description of original request:

> Black and white image of Genevieve Morton in a doorway, nude.


Links to original work:

> [Empty]


Please provide URL(s) to the infringing material (e.g., Tweet URL, Periscope broadcast URL, Fleet ID, etc.):

> https://twitter.com/HollywoodConfid/status/1473383521523621892


Reported content:

> Image/Photograph

Description of infringement:

> The image has been cropped and appears in a set of four images of

Ms. Morton, cropped and displayed in cropped versions that can be expanded. Ms. Morton is the registered copyright holder of the photo in the bottom right quadrant that has been cropped to display only her breast. The use is not authorized.

512(f) Acknowledgement:
> I understand that under 17 U.S.C. § 512(f), I may be liable for any damages, including costs and attorneys' fees, if I knowingly materially misrepresent that reported material or activity is infringing.

Good Faith Belief:
> I have good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

Authority to Act:
> The information in this notification is accurate, and I state under penalty of perjury that I am authorized to act on behalf of the copyright owner.

Signature:
> JENNIFER HOLLIDAY
Country
> US