UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 22-1482-GW-KSx | Date | January 31, 2023 |
|---|---|---|---|
| Title | *Genevieve Morton v. Twitter, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** IN CHAMBERS - TENTATIVE RULING ON DEFENDANT TWITTER'S MOTION TO DISMISS [24]

Attached hereto is the Court's Tentative Ruling on Defendant's Motion [24] set for hearing on February 2, 2023 at 8:30 a.m.

: 

Initials of Preparer   JG

<u>*Genevieve Morton v. Twitter, Inc.*</u>; Case No. 5:22-cv-1482-GW-(KSx)
Tentative Ruling on Motion to Dismiss

I. **Background**

This case – *i.e. Morton v. Twitter, Inc.*; Case No. 5:22-cv-1482-GW-(KSx) ("*Morton III*") is the third action brought by Plaintiff Genevieve Morton ("Morton") against Defendant Twitter, Inc. ("Twitter") and Does 1 through 10 for claims related to the alleged unlawful third-party use of Morton's nude photographs in Tweets posted on Twitter's platform. *See generally* Complaint ("Compl."), ECF No. 1. Plaintiff previously brought two copyright infringement actions against Defendant Twitter and other defendants based on the same alleged fact pattern. *See Morton v. Twitter, Inc. et al.* (*"Morton I"*), Case No. 2:20-cv-10434-GW-(JEMx) (C.D. Cal.); *Morton v. Twitter, Inc. et al.* (*"Morton II"*), Case No. 2:21-cv-07145-GW-(JEMx) (C.D. Cal.). In the two prior matters, the Court dismissed Plaintiff's copyright infringement claims at summary judgment because Plaintiff had not established her ownership of the copyrights in the materials at issue and, therefore, lacked standing to sue for infringement. *See Morton I*, Amended Order on Defendant's Motion for Summary Judgment ("Ruling on *Morton I/II*"), ECF No. 214.

On August 29, 2022, *Morton III* was transferred to this Court because it involves a "determination of the same or substantially related or similar questions of law and fact" as *Morton I* and *II*. *See Morton III*, ECF No. 10. The Court then issued a stay in this matter on September 8, 2022, pending the final resolution of the related cases. *See* ECF No. 15. When the Court granted summary judgment in *Morton I* and *II*, the Court lifted the stay. *See* ECF No. 16. Defendant filed a Motion to Dismiss ("Motion" or "Mot."), *see* ECF No. 24; Plaintiff filed an Opposition ("Opp."), *see* ECF No. 27; and Defendant filed a Reply, *see* ECF No. 32. Upon Defendant's counsel's motion to withdraw, the Motion was taken off-calendar and later reinstated with a February 2, 2023 hearing date.

Plaintiff is a professional model. *See* Compl. ¶ 4. Plaintiff alleges copyright ownership of photographs registered with the U.S. Copyright Office as part of three separate group registrations, including the "Borneo 2016" registration. Twitter is an online social media service allows users to post and interact with short messages called "Tweets," which can include images. *Id.* ¶ 5. At issue in this case is a photograph ("Subject Photograph") that was published in a limited-edition Calendar which Plaintiff avers she created. *Id.* ¶ 8. Plaintiff alleges that an unauthorized copy of

1

the Subject Photograph appeared in a Tweet by a third-party user (*i.e.* @HollywoodConfid) on December 21, 2021. *Id.* ¶¶ 10-11. On February 22, 2022, Plaintiff reported the infringement to Twitter. *Id.* ¶ 12. The very next day, Twitter emailed Plaintiff claiming to have removed access to the reported content but noting that it may take time "for the content to stop showing in all locations." *Id.* ¶ 14.

Plaintiff nonetheless brought this action for copyright infringement against Defendant Twitter related to the Tweet. The Subject Photograph was taken by the same photographer, for the same project, and included in the same copyright registration as those at issue in *Morton I* and *II*. Specifically, the Subject Photograph was one taken by Derek Riker during the Borneo 2016 photoshoot.

## II.      Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed for failure to state a claim for one of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The court must construe the complaint in the light most favorable to the plaintiff, by accepting all allegations of material fact as true, and drawing all reasonable inferences from well-pleaded factual allegations in favor of the plaintiff. *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). The court is not required to accept as true legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion, the plaintiff must provide grounds demonstrating its entitlement to relief. *Twombly*, 550 U.S. at 555. Under the Supreme Court's decisions in *Twombly* and *Iqbal*, this requires that the complaint contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III.     Discussion

### A. Collateral Estoppel

Defendant argues that dismissal is appropriate under the doctrine of collateral estoppel, as Plaintiff's copyright ownership over the collection of photographs at issue was previously decided by this Court. *See* Ruling on *Morton I/II*.

"The general rule is that when an issue of fact is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 575 U.S. 138, 148 (2015) (citing the Restatement (Second) of Judgments).

Before assessing each factor of collateral estoppel, the Court addresses Plaintiff's position that Defendant's motion is procedurally improper or should be converted into a motion for summary judgment. Opp. at 13. Such argument is unconvincing. The Court is allowed to consider orders and records from prior litigation to adjudicate a 12(b)(6) motion, particularly when the basis for the motion is collateral estoppel. *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (recognizing need for courts to judicially notice prior judgments of other courts to determine whether collateral estoppel applies). Thus, the Court takes judicial notice of its Ruling in *Morton I* and *II* for purposes of assessing whether collateral estoppel applies to Plaintiff's matter.

### 1. Identical Issue of Fact

Defendant argues that it is unquestionably the case that Plaintiff seeks to relitigate the very same issue that was litigated and decided in *Morton I* and *II* – whether she has copyright ownership over the Borneo 2016 photographs and, therefore, has standing to sue for infringement. Mot. at 9. While *Morton I* and *II* related to copyright ownership of thirteen other photographs, those photographs and the Subject Photograph here are all the result of Derek Riker's photoshoot of the Plaintiff in Borneo in 2016. *See* Ruling on *Morton I/II*. Plaintiff registered the entire collection of photographs as three group registrations, claiming to own the photographs as "works made for hire." *Id.* at 4,6; *see also Morton I*, ECF No. 153-3 at Ex. 3. When this Court granted summary judgment to Defendant Twitter, it did so on the basis that Plaintiff had not and could not establish ownership of the collection of photographs under the "work made for hire" doctrine. *Id.* at 10-11. Specifically, Plaintiff was unable to put forth any evidence that she and Riker, the photographer, entered into a written work-for-hire agreement. *Id.* at 8. Further, Plaintiff provided no evidence that Riker was her employee during the relevant time period. *Id.* at 9. The Court then concluded that Plaintiff was unable to prove copyright ownership over the photographs.

Defendant claims that it is this same issue that is before the Court again – Plaintiff's copyright ownership over the Borneo 2016 photograph collection. Simply because *Morton I* and *II* did not involve the Subject Photograph does not change the situation that the same underlying

3

issue – Plaintiff's copyright ownership over the collection of works – is again being relitigated. Defendant also preemptively addresses the extent to which the evidentiary sanctioned levied against Plaintiff impacts this conclusion, and contends that it does not. The sanction merely precluded Plaintiff from relying on the statutory presumption of ownership, but Plaintiff still failed to establish copyright ownership. Various courts addressing similar issues have consistently held that collateral estoppel bars plaintiffs from relitigating copyright ownership when they failed to establish such ownership in previous litigation. *See Williams v. McGraw-Hill Inc.*, No. CV 10-06062 GAF (SHx), 2010 U.S. Dist. LEXIS 143873, at *5 (C.D. Cal. Nov. 16, 2010) (dismissing copyright infringement claim where prior court concluded plaintiff did not own legally valid copyright); *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, No. C-12-4601 EMC, 2013 U.S. Dist. LEXIS 67887, at *9 (N.D. Cal. May 13, 2013) (dismissing infringement claims under collateral estoppel where summary judgment order in prior litigation held that plaintiff failed to establish copyright ownership and thus lacked standing to sue under the Copyright Act); *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292 (10th Cir. 2014) (affirming Rule 12(b)(6) dismissal of copyright infringement claims on collateral estoppel grounds where the Ninth Circuit had previously determined that plaintiff could not establish ownership).

Plaintiff responds that because *Morton I* and *II* involved other copyrighted photographs, the ownership of the Subject Photograph at issue now has never been litigated. Opp. at 3. Without arguing how this Subject Photograph is a different registered work than those alleged in *Morton I* and *II*, Plaintiff simply states that it is "not identical" to the previously litigated work. *Id.* Finally, Plaintiff argues that this prior litigation also involved different dates of infringement, so collateral estoppel does not apply. Opp. at 10. Because this is a new matter, Plaintiff further contends that she is entitled to the statutory presumption of ownership over the Subject Photograph. Opp. at 8-9.

With respect to whether this case involves the same issue as that determined in *Morton I* and *II*, the Court agrees with Defendant. While the Court recognizes that the Subject Photograph itself was not litigated in *Morton I* and *II*, the Subject Photograph is part of the copyrighted collection of work whose ownership was litigated in *Morton I* and *II*. The problem the Court has with Plaintiff's position is that she fails to respond to this larger point. *See Minden*, 2013 U.S. Dist. LEXIS 67887, at *19 (precluding relitigation of ownership interest in photographs not specifically at issue in prior case because copyright assignments were identical to prior case

4

copyright assignments and, thus, ownership issue was "identical"). Instead, Plaintiff simply focuses on the fact that the Subject Photograph was not specifically ruled upon; but this is seemingly inconsequential because Plaintiff's copyright ownership of the entire collection of work was adjudicated in *Morton I* and *II*. Because Plaintiff was found to be unable to establish copyright ownership to the larger collection of work, the issue of her copyright ownership of the Subject Photograph was also necessarily decided in that Ruling. Thus, the Court finds that the issue decided in its Ruling on *Morton I* and *II* is identical to the one sought to be relitigated in this matter. Thus, this factor is satisfied.

### 2. Valid and Final Judgment

The second factor of collateral estoppel assesses whether the first proceeding ended in a valid and final judgment on the merits. Because Plaintiff does not oppose this factor, and because it is evident that this Court's prior summary judgment Ruling on *Morton I* and *II* is a final judgment, the Court need not assess this factor. *See Jackson v. Hayakawa*, 605 F.2d 1121, 1125 n.3 (9th Cir. 1979) (stating that summary judgment is a final judgment on the merits). The Court finds this factor is satisfied.

### 3. Same Party

The third factor determines whether the party against whom collateral estoppel is asserted was a party in the previous proceeding. Again, Plaintiff does not oppose this factor. Plaintiff Morton was the sole plaintiff in *Morton I* and *II* and is again the sole plaintiff in this matter. Thus, the Court finds this factor is satisfied.

### 4. Full and Fair Opportunity to Litigate

Often courts assess whether there was a full and fair opportunity to litigate the issue in the previous factor. Again, Plaintiff does not contest this factor. Regardless, the Court finds such factor to be clearly satisfied here. Plaintiff's copyright ownership over the registered collection of works was the primary focus of the previous litigation. In fact, it was the very basis for this Court's granting of summary judgment in favor of Defendant Twitter – Plaintiff's failure to establish evidence in support of her position of ownership of the copyrights as works made for hire. Thus, the Court finds this factor is satisfied.

## IV. Conclusion

In light of the above, the Court finds that collateral estoppel applies to Plaintiff's claims of copyright infringement against Defendant Twitter herein. This is Plaintiff's third attempt to bring

copyright infringement claims against Twitter related to the same collection of copyright works. For this reason, the Court dismisses the complaint with prejudice against Defendant Twitter.